David S. Richman, Esq. (State Bar No. 94325)
Patricia S. Riordan, Esq. (State Bar No. 187418)
THEODORA, ORINGHER, MILLER & RICHMAN, P.C.
2029 Century Park East, Sixth Floor
Los Angeles, California 90067-2907
Telephone: (310) 557-2009
Facsimile: (310) 551-0283
E-Mail: drichman@tocounsel.com

Jess M. Collen, Esq.
Matthew C. Wagner, Esq.
Thomas P. Gulick, Esq.
Collen IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Town of Ossining
Westchester County, New York 10562
Telephone (914) 941-5668
Facsimile (914) 941-6091
E-Mail: mwagner@collenip.com

Attorneys for Plaintiff Omega S.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| OMEGA S.A.,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | Case No. CV 04-5443 TJH (RCx)<br>Honorable Terry J. Hatter, Jr., Crtrm. 17<br><br>**PLAINTIFF'S RENEWED MOTION IN LIMINE NO. 1**<br><br>**TO EXCLUDE EVIDENCE OR REFERENCE TO ANY OF DEFENDANT'S PROFITS FROM ITS SALES OF WATCHES BEARING THE COPYRIGHTED OMEGA GLOBE DESIGN**<br><br>Date: September 8, 2009<br>Time: Under Submission<br>Crtrm.: 17 |

TO DEFENDANT AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT plaintiff OMEGA S.A. will and does hereby move the Court in limine for an order precluding Defendant and its counsel from attempting to introduce any evidence or make any reference to any of Defendant's

1 profits from its sales of watches bearing the copyrighted Omega Globe Design.

2 This motion is based upon the attached memorandum of points and authorities,
3 all pleadings, papers and records on file in this action, and upon such further matters as
4 may be presented at the court's request.

6 DATED: September 8, 2009    RESPECTFULLY SUBMITTED,
                              COLLEN IP
7                             THEODORA, ORINGHER, MILLER & RICHMAN, P.C.

9 By: /s/ Kenneth E. [signature]
10     David S. Richman
       Patricia S. Riordan
11     Attorneys for Plaintiff Omega S.A.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Evidence Related To Defendant's Profits Is Not Relevant To the Inquiry Because Plaintiff Elects to Recover Statutory Damages

Under the Copyright Act, 17 U.S.C. § 504(c)(1), a copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. Furthermore, the copyright owner may elect to recover statutory damages, "at any time before final judgment is rendered." See 17 U.S.C. § 504(c)(1).

Copyright Act § 504(c)(1) permits the copyright owner to recover "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable." 17 U.S.C. § 504(c)(1)(2001); *Columbia Pictures Indus. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1193 (9th Cir. 2001). Election of statutory damages precludes recovery of actual damages and profits. *Id.*; see also *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983).

In this instance, Plaintiff elects to recover statutory damages for those infringing sales made by Defendant. The relevant inquiry must therefore focus on the quantity of separate copyright infringements, and not the profits reaped by the defendant. See *Columbia Pictures Indus., supra*, 259 F.3d at 1193 (court's analysis focused on the separate works involved in a copyright infringement statutory damages calculation.)

The number of sales made by the Defendant and the willfulness of Defendant's infringement represent relevant information that may be considered by the Court. Two factors often considered by courts in determining an amount appropriate in statutory damage award are the award's deterrent value and the willful nature of defendants' infringement. See, e.g., *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288 (D. R.I. 1982). Introduction of evidence relating to the Defendant's profits would only serve to confuse the issues and mislead the jurors into believing that the defendant's profits are somehow a calculation of the appropriate statutory damage award. A jury may feel bound to the Defendant's profit numbers when calculating the statutory damage award

for the Plaintiff and such an outcome would be in contravention to the purpose of providing Plaintiff with the option of electing statutory damages.

Furthermore, evidence relating to profits is confusing by its nature, as it involves a variety of numbers and intricate calculations. It would therefore be a waste of time and energy and would certainly divert attention and focus from the evidence which ought to be considered in the evaluation.

The Court should therefore exclude any evidence at trial or reference to the existence of any third party infringers or transactions involving unrelated watch lines, pursuant to Federal Rule of Evidence 401, 402 and 403. The Court is permitted to preclude such evidence on the basis that it is not relevant pursuant to Fed. R. Evid. 401 and 402. The Court may also preclude such evidence on the basis that the probative value of the evidence is substantially outweighed by the danger that the evidence will (1) confuse the issues, (2) mislead the jury into believing an affirmative defense exists, when in fact it does not, (3) unduly delay the proceedings, and (4) waste time. *See* Fed. R. Evid. 403.

**B.   Conclusion**

Based on all of the foregoing, plaintiff Omega S.A. respectfully requests an order from the Court precluding Defendant and its counsel from attempting to introduce any evidence or make any reference to any of Defendant's profits from its sales of watches bearing the copyrighted Omega Globe Design.

DATED: September 8, 2009    RESPECTFULLY SUBMITTED,
COLLEN IP
THEODORA, ORINGHER, MILLER & RICHMAN, P.C.

By: /s/ David S. Richman
David S. Richman
Patricia S. Riordan
Attorneys for Plaintiff Omega S.A.