David S. Richman, Esq. (State Bar No. 94325)
Patricia S. Riordan, Esq. (State Bar No.187418)
THEODORA, ORINGHER, MILLER & RICHMAN, P.C.
2029 Century Park East, Sixth Floor
Los Angeles, California 90067-2907
Telephone: (310) 557-2009
Facsimile: (310) 551-0283

Jess M. Collen, Esq.
Matthew C. Wagner, Esq.
Thomas P. Gulick, Esq.
Collen IP
The Holyoke-Manhattan Building
80 South Highland Avenue
Town of Ossining
Westchester County, New York 10562
Telephone (914) 941-5668
Facsimile (914) 941-6091

Attorneys for Plaintiff OMEGA S.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMEGA S.A.,<br><br>            Plaintiff,<br><br>    vs.<br><br>COSTCO WHOLESALE<br>CORPORATION,<br><br>            Defendant. | Case No. CV 04-5443 TJH (RCx)<br><br>The Honorable Terry J. Hatter, Jr.<br><br>**MEMORANDUM OF CONTENTIONS OF FACT AND LAW OF PLAINTIFF OMEGA S.A.**<br><br>Date: September 21, 2009<br>Time:  9:30 a.m.<br>Courtroom: 17 |

TO THIS HONORABLE COURT AND TO DEFENDANT AND ITS ATTORNEYS OF RECORD HEREIN:

Plaintiff Omega S.A. hereby submits its Memorandum of Contentions of Fact and Law in accordance with the requirements of Local Rule 16-2.8.

# TABLE OF CONTENTS

**Page**

I.    FACTUAL CONTENTIONS ..................................................................... 1

II.   LEGAL BRIEF – ISSUES OF LAW ..................................................... 3

    A.    COPYRIGHT INFRINGEMENT ................................................... 3

          1.    17 U.S.C. §§ 106 & 602 ....................................................... 4

               (a)    Section 106 ............................................................ 4

               (b)    Section 602 ............................................................ 4

          2.    Plaintiff May Enforce Its Copyright Against Any Member Of The Distribution Chain ............................................... 5

          3.    Omega Did Not Authorize Costco To Distribute, Sell, Or Import The Watches Bearing The Copyrighted Omega Globe Design In The United States. ................................. 8

          4.    Omega's Enforcement Of Its Exclusive Rights Under Copyright Law Is Not Misuse Nor Contrary To Public Policy. ...................................................................... 9

          5.    The Omega Globe Design Is Copyrightable ............................ 11

          6.    Conclusion ........................................................................... 12

III.  EVIDENTIARY PROBLEMS .............................................................. 13

IV.  BIFURCATION OF ISSUES .............................................................. 13

V.   JURY TRIAL ...................................................................................... 14

    A.    INTRODUCTION ............................................................................ 14

    B.    COPYRIGHT INFRINGEMENT ................................................... 14

    C.    DAMAGES ...................................................................................... 14

    D.    AFFIRMATIVE DEFENSES ........................................................ 15

    E.    CONCLUSION ................................................................................ 15

VI.  ATTORNEY'S FEES .......................................................................... 15

    A.    STATUTORY AND CASE LAW AUTHORITY .............................. 15

    B.    PLAINTIFF IS ENTITLED TO ITS REASONABLE ATTORNEY'S FEES ...................................................................... 16

1            1.     In Furtherance Of The Purposes Of The Copyright Act ............ 17

2            2.     Evenhanded Application Of Factors ............................................ 18

3     C.     CONCLUSION ...................................................................... 18

4 VII.     ABANDONMENT OF ISSUES ................................................. 18

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## CASES

*A&M Records v. Napster, Inc.*,
239 F.3d 1004 (9th Cir. 2001) ..................................................10, 11

*Apple Computer v. Formula International*,
725 F.2d 521 (9th Cir. 1984) ..........................................................12

*Atari Games Corp. v. Nintendo of Am., Inc.*,
975 F.2d 832 (Fed. Cir. 1992) ........................................................12

*Broadcast Music, Inc. v. Blumonday*, Inc.,
818 F.Supp. 1352 (D. Nev. 1993) ...................................................14

*Carefree Trading, Inc. v. Life Corp.*,
83 F. Supp. 2d 1111 (D. Ariz. 2000) ...............................................15

*Columbia Broad. Sys., Inc. v. Scorpio Music Distribs., Inc.*,
569 F.Supp. 47 (E.D. Pa. 1983) ........................................................6

*Columbia Pictures Indus., Inc. v. Pacheco*,
1990 U.S. Dist. LEXIS 2825 (D. P.R. Feb. 27, 1990) .......................6

*Costello Publ'g Co. v. Rotelle*,
670 F.2d 1035 (D.C. Cir. 1981) ........................................................6

*Danjaq LLC v. Sony Corp.*,
263 F.3d 942 (9th Cir. 2001) ...........................................................15

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
36 F.3d 1147 (1st Cir. 1994) .......................................................4, 10

*Denbicare U.S.A. Inc. v. Toys 'R' Us, Inc.*,
84 F.3d 1143 ......................................................................................7

*Disenos Artisticos E Industriales, S.A. v. Costco Wholesale Corp.*,
97 F.3d 377 (9th Cir. 1995) ..............................................................9

*Dollar Sys., Inc. v. Avcar Leasing Sys.*, Inc.,
890 F.2d 165 (9th Cir. 1989) ...........................................................15

*Enesco Corp. v. Jan Bell Marketing, Inc.*,
992 F.Supp. 1021 (N.D. Ill. 1998) .....................................................6

*Fantasy, Inc. v. Fogerty*,
510 U.S. 517 (1994) ........................................................16, 17, 18

*Feltner v. Columbia Pictures Television, Inc.*,
523 U.S. 340 (1998) ..................................................................14, 15

*PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW*

*Fitzgerald Pub. Co. v. Baylor Pub. Co.,*
    807 F.2d 1110 (2d Cir. 1986) ........................................................ 8

*General Patent Corp. Int'l v. Hayes Microcomputer Prods.,*
    44 U.S.P.Q.2D (BNA) 1954; 1997 U.S. Dist. LEXIS 21342
    (C.D. Cal. 1997) ........................................................................ 13

*Granite States Ins. Co. v. Smart Modular Techs., Inc.,*
    76 F.3d 1023 (9th Cir. 1996) ...................................................... 15

*Hearst Corp. v. Or. Worsted Co.,*
    2001 U.S. Dist. LEXIS 7752 (D. Or. 2001) ............................... 16

*Jackson v. Sturkie,*
    255 F. Supp. 2d 1096 (N. D. Cal. 2003) ............................... 16, 17

*JBJ Fabrics, Inc. v. Mark Industries, Inc.,*
    1987 U.S. Dist. LEXIS 13445 (C.D. Cal. 1987) ....................... 16

*Lasercomb Am., Inc. v. Reynolds,*
    911 F.2d 970 (4th Cir. 1990) ...................................................... 10

*Metal Morphosis, Inc. v. Acorn Media Publishing, Inc.,*
    2009 U.S. Dist. LEXIS 18610 (N.D. Ga. March 4, 2009) ............ 8

*MGM Studios, Inc. v. Grokster, Ltd.,*
    545 U.S. 913, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005) ............... 8

*Microsoft Corp. v. Big Boy Dist., LLC,*
    589 F. Supp.2d 1308 (S.D. Fla. 2008) ...................................... 6, 7

*Microsoft Corp. v. Intrax Group, Inc.,*
    2008 U.S. Dist. LEXIS 83765 (N.D. Cal. Oct. 6, 2008) ............ 6, 7

*Palmer v. Slaughter,*
    2000 U.S. Dist. LEXIS 22118 (D. Del. 2000) ........................... 16

*Parfums Givenchy, Inc. v. Drug Emporium, Inc.,*
    38 F.3d 477 (9th Cir. 1994) .......................................................... 6

*Practice Management Info. Corp. v. American Med. Ass'n,*
    121 F.3d 516 (9th Cir. 1997) ...................................................... 10

*Satava v. Lowry,*
    323 F.3d 805 (9th Cir. 2003) ...................................................... 11

*Sony Corp. of America v. Universal City Studios, Inc.,*
    464 U.S. 417 (1984) ............................................................ 3, 4, 10

*Stabilisierungsfonds Fur Wein v. Kaiswer Stuhl Wine Dist. Pty. Ltd.,*
    647 F.2d 200 (D.C. Cir. 1981) ...................................................... 8

*Symantec Corp. v. CD Micro, Inc.,*
    286 F.Supp. 2d 1265 (D. Or. 2003) .............................................. 4

*UMG Recordings, Inc. v. Disco Azteca Dist., Inc.,*
446 F. Supp. 2d 1164 (E.D. Cal. 2006) ..........................................6

*UMG Recordings, Inc. v. MP3.com, Inc.,*
92 F. Supp. 2d 349 (S.D.N.Y. 2000) ..........................................11

*United States v. Paramount Pictures, Inc.,*
334 U.S. 131 (1948) ..........................................4, 10

*Warner Bros. Entm't, Inc. v. Caridi,*
346 F. Supp. 2d 1068 (C.D. Cal. 2004) ..........................................16, 18

**STATUTES**

<u>15 U.S.C.</u>

§ 1117 ..........................................14

<u>17 U.S.C.</u>

§ 101 ..........................................15

§ 102(a) ..........................................11, 12

§ 106 ..........................................2, 11, 12

§ 106(3) ..........................................passim

§ 109 ..........................................19

§ 500 ..........................................13

§ 501 ..........................................16

§ 504 ..........................................14

§ 505 ..........................................passim

§ 602 ..........................................passim

§ 602(a) ..........................................passim

**RULES**

Fed.R.Civ.P.

Rule 38 ..........................................14

# I.

## **FACTUAL CONTENTIONS**

Plaintiff Omega S.A. ("Omega") is a manufacturer of watches including the Omega Globe Design Watches.  Omega distributes its watches through authorized distributors and dealers throughout the world including the United States.

Plaintiff Omega obtained a registration for its copyright in the "Omega Globe Design" on March 12, 2003.  The Omega Globe Design was affixed onto the OMEGA SEAMASTER watch.  Subsequently, the Omega Globe Design has been added to additional styles of watches.

Defendant Costco Wholesale Corp. ("Costco") is not an authorized retailer of OMEGA brand watches and is not authorized to import, copy, sell or distribute copies of the copyrighted Omega Globe Design.

On May 28, 2004, Courtney Grafeld, an employee of The Swatch Group U.S. Inc. ("Swatch"), the authorized U.S. distributor of OMEGA Watches, purchased a copyrighted Omega Globe Design Watch at Defendant Costco's retail store in City of Industry, California.  On July 9, 2004, Timothy Santoni, an investigator hired by Plaintiff purchased a second copyrighted Omega Globe Design Watch from a Costco retail store in Laguna Niguel, California.  An investigation of the serial numbers of the watches purchased revealed that these watches were sold by Omega to distributors outside the U.S. with restriction on resale.  These copies were imported into the United States without Plaintiff's authorization.  On July 14, 2004, Plaintiff Omega S.A. filed a complaint in the Central District of California against Costco Wholesale Corporation alleging copyright infringement.  On March 6, 2006 Plaintiff filed a First Amended Complaint including Defendant ENE Ltd. ("ENE") – Costco's supplier.  ENE is also not authorized by Omega to import, advertise, or distribute the Omega Globe Design.

On October 8, 2004, the Court granted a preliminary injunction against Costco and ordered Costco to turn over the infringing goods and to discontinue the sale or offering for sale any of Plaintiff's copyrighted works.  See [D.E. # 15.]

Plaintiff alleges its copyright has been infringed through the importation of goods bearing the copyrighted design without the authorization of the copyright owner under 17 U.S.C. § 602(a).   Plaintiff will prove at trial that these watches bearing the statutorily protected design were manufactured and sold outside of the United States with restriction on further resale.   These watches were found available for sale at Costco stores throughout the United States including in the Central District of California, infringing on Omega's exclusive right of distribution under 17 U.S.C. § 106(3).   These copyrighted works were also imported into the United States without Omega's authority infringing on Omega's exclusive rights under 17 U.S.C. §§ 106 and 602.

In October 2005, 15 additional watches bearing the Omega Globe Design were turned over by Defendant Costco in connection with the Preliminary Injunction.   Again on March 7, 2006, an additional 351 watches bearing the Omega Globe Design were transferred by Defendant to Plaintiff pursuant to the Preliminary Injunction.

Plaintiff is now aware that ENE, Ltd. was Defendant Costco's immediate supplier of the initial copyrighted works as well as the 15 watches turned over in October 2005 and the 351 watches turned over in March of 2006.   While ENE is located in the United States, ENE directly or indirectly imported the copyrighted works from outside the United States.   ENE has settled with Plaintiff in this case.

In February 2007, the Court vacated the preliminary injunction and granted summary judgment to Defendant based on its first sale defense.   Plaintiff appealed.   In September 2008, the United States Court of Appeals for the Ninth Circuit reversed on summary judgment and ruled that Defendant Costco's first sale defense did not apply to the facts of this case.   Following the denial of rehearing by the Ninth Circuit, Costco filed a petition for certiorari with the U.S. Supreme Court, which remains pending.

Plaintiff will prove at trial:

1.    Plaintiff Omega is the owner of a valid copyright registration VAu 574-660 for the Omega Globe Design which is engraved on certain

models of the Plaintiff's watches, including the OMEGA SEAMASTER watch.

2.      Plaintiff Omega manufactured and sold the watches in question in a foreign country.

3.      Watches in question found at Costco were sold by OMEGA to non-U.S. dealers with geographic restriction on further resale.

4.      Swatch is the exclusive distributor of Omega watches in the United States.

5.      Defendant Costco is a member of the chain of importation of the OMEGA watches bearing the copyrighted Omega Globe Design into the United States.

6.      The watches in question were sold or offered for sale in Defendant Costco's retail stores.

7.      Defendant Costco is not authorized to import or distribute the Plaintiff's copyrighted work. .

8.      Defendant Costco, as a member of the chain of distribution, has infringed on the Plaintiff's copyright.

9.      Defendant Costco, as a seller of the goods, has infringed upon Plaintiff's copyright.

9.      All parties in the chain of distribution in importing the copyrighted works into the United States are liable for copyright infringement.

10.     Plaintiff is entitled to a permanent injunction, statutory damages, plus attorney's fees at the discretion of the Court.

## II.

## LEGAL BRIEF – ISSUES OF LAW

### A.      COPYRIGHT INFRINGEMENT

Copyright law by its very nature puts limits on competition. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984) (citing *United States*

1    *v. Paramount Pictures, Inc.*, 334 U.S. 131, 158 (1948)); *see also generally, Data Gen.*

2    *Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147 (1st Cir. 1994). In balancing the

3    need to promote the useful arts, Congress contemplated a trade-off, allowing for a

4    limited monopoly for a limited period of time in exchange for the art being placed in

5    the public domain after such period of time as set by Congress. *Sony Corp. of America*

6    *v. Universal City Studios, Inc.*, 464 U.S. 417, 431-432 (1984).

7    ### 1.   <u>17 U.S.C. §§ 106 & 602</u>

8    Sections 106 and 602 of the Copyright Act protect the interest of the copyright

9    holder in its exclusive right to control of distribution through sale or transfer of

10   ownership and importation into the United States. 17 U.S.C. §§106 and 602. See

11   *Quality KingDistribs. v. L'Anza Research Int'l*, 523 U.S. 135, 138, 118 S. Ct. 1125, 140

12   L.Ed.2d 254 (1998).

13   ### (a)   Section 106

14   The copyright owner is granted exclusive rights in its copyrighted works under §

15   106 of the Copyright Act. Specifically, 17 U.S.C. § 106(3) grants the copyright owner

16   the right "to distribute copies or phonorecords of the copyrighted work to the public by

17   sale or other transfer of ownership, or by rental, lease, or lending." Omega, as the

18   owner of the copyright for the Omega Globe Design, is entitled to the right to distribute

19   copies of its work for sale to the public. Defendant Costco has infringed on Plaintiff's

20   exclusive right by selling and offering for sale, watches bearing the copyrighted Omega

21   Globe Design. *See Symantec Corp. v. CD Micro, Inc.*, 286 F.Supp. 2d 1265, 1271-

22   1272 (D. Or. 2003) (summary judgment granted on copyright infringement under §

23   106(3) for distribution through sale where defendant did not sell lawfully made copies).

24   ### (b)   Section 602

25   In order to protect these "first sale" rights, Section 602 of the Copyright Act

26   prohibits the importation of copyrighted material into the United States without the

27   authorization of the copyright owner. *Quality King*, 523 U.S. at 138. Section 602(a)

28   has 3 exceptions to infringing importation of copies. The 3 exceptions are:

1.      importation under U.S. government authority for school use or audiovisual work for purposes other than archived use;

2.      importation for private use of the importer, no more than one copy of any one work at any time, or forming a part of such person's baggage; or

3.      importation for scholarly, educational, or religious purposes and not for private gain. *Id.* at 144.

Since the government did not grant authority and Costco did not have any scholarly, educational or religious purpose, and the copyrighted works were certainly imported for private gain, exceptions 1 and 3 do not apply. By offering the copyrighted works for sale, Defendant Costco and any other members in the chain of distribution did not intend these goods for private use. Therefore, none of these exceptions applies and Costco is in violation of 17 U.S.C. § 602(a).

## 2.   **Plaintiff May Enforce Its Copyright Against Any Member Of The Distribution Chain**

Here, Omega is a foreign manufacturer which sold copyrighted goods in a foreign country and did not obtain the value of the first sale in the United States. These goods were sold in foreign countries where the value may have been different from the value Omega would receive from its first sale in the United States, when it chose to sell the product in this country. These goods were subsequently imported into the United States and re-sold by Defendant in the United States without Plaintiff's authorization. Plaintiff was deprived of its right to benefit from at least the first sale of its copyrighted work in the United States.

Costco purchased goods imported into the United States by another member in the distribution chain, for resale without Omega's authority, thus robbing Omega of its right to obtain the value of the first sale within the United States. This activity is contrary to law.

1    Plaintiff has a right to sue for copyright infringement against any member of the

2    distribution chain. *Columbia Broad. Sys., Inc. v. Scorpio Music Distribs., Inc.,* 569

3    F.Supp. 47, 48-49 (E.D. Pa. 1983) (*"CBS"*)(citing *Costello Publ'g Co. v. Rotelle,* 670

4    F.2d 1035, 1044 (D.C. Cir. 1981).   Defendant, even if not the direct importer, is a

5    member in the chain of distribution.  Even the case relied upon by Defendant in the past

6    expressly recognizes that other cases and courts (including the Ninth Circuit) have

7    found that the subsequent distributors of copyrighted goods imported without authority

8    are liable for infringing importation under Section 602.   *Enesco Corp. v. Jan Bell*

9    *Marketing, Inc.*, 992 F.Supp. 1021, 1023 (N.D. Ill. 1998) (citing *Parfums Givenchy,*

10   *Inc. v. Drug Emporium, Inc.,* 38 F.3d 477 (9th Cir. 1994)) The fact that Defendant itself

11   did not initially import the goods does not matter with respect to the issue of liability.

12   See *UMG Recordings, Inc. v. Disco Azteca Dist., Inc.,* 446 F. Supp. 1164, 1173

13   (E.D. Cal. 2006); *Microsoft Corp. v. Intrax Group, Inc.,* 2008 U.S. Dist. LEXIS 83765

14   *9 (N.D. Cal. Oct. 6, 2008)(*"Intrax"*);  *Microsoft Corp. v. Big Boy Dist., LLC*, 589 F.

15   Supp.2d 1308, 1313-20 (S.D. Fla. 2008)(*"Big Boy"*).   In addition to unauthorized

16   importation, <u>distribution</u> (sale) of the imported copies without authorization is an

17   infringement under Section 602. *Columbia Pictures Indus., Inc. v. Pacheco*, 1990 U.S.

18   Dist. LEXIS 2825 *5 (D. P.R. Feb. 27, 1990)(emphasis added).

19   In *Parfums Givenchy v. Drug Emporium, Inc.*, 38 F.3d 477 (9th Cir.

20   1994)(*"Drug Emporium"*), the Ninth Circuit affirmed a permanent injunction under

21   Section 602 against a defendant who purchased the copyrighted works from third

22   parties who imported the copyrighted works into the United States without the

23   copyright holder's authority.  Costco has in the past argued that *Drug Emporium* only

24   decided whether plaintiff had the standing to sue and defendant did not appeal the issue

25   of whether a non-importing party could be liable under Section 602.  However, Costco

26   blatantly disregards the latter part of the *Drug Emporium* opinion.  The defendant

27   specifically raised a defense that it was not the actual importer but had only purchased

28   the copyrighted works from a wholesaler in the United States. 38 F.3d at 482. The

1   Ninth Circuit rejected this argument finding the defendant liable as it had "no more

2   authority to distribute the copyrighted...design than did the original importer." *Id.*  See

3   also *Intrax*, 2008 U.S. Dist. LEXIS 83756 *9; *Big Boy*, 589 F. Supp.2d at 1320.

4       The Ninth Circuit's decision in the present case, which found that Omega is

5   entitled to its first sale in the United States, mentioned in a footnote that Costco was not

6   the actual importer.  While true, if this is construed to mean 'first importer', the issue of

7   whether Costco is nonetheless an infringer of Omega's copyright remains unchanged.

8   *Omega S.A. v. Costco Wholesale Corp.*, 541 F.3d 982, 986 n. 4 (9th Cir. 2008) (citing

9   *Denbicare U.S.A. Inc. v. Toys 'R' Us, Inc.*, 84 F.3d 1143, 1149).  The defendant in

10  *Denbicare*, was not involved in the importation process.  The copyright holder had

11  ordered the shipment of the copyrighted works from Hong Kong to San Francisco. 84

12  F.3d at 1145 (the goods were held in a foreign trade zone pending the copyright

13  holder's payment of import duties).  The *Denbicare* court determined that the foreign

14  trade zone was a part of the United States. *Id.* at 1149.  As a result, the court found that

15  copyright holder had made its first sale to the United States by shipping to the foreign

16  trade zone.  Consequently, the subsequent seller defendant in that case, could not be

17  liable for infringing the copyright holder's exclusive distribution rights under Section

18  602 because the copyright holder itself had already imported the copyright works into

19  the United States. *Id.*  Costco acknowledges that the *Denbicare* goods were imported

20  by the copyright holder.  See Def.'s Opposition to Plaintiff's Renewed Motion for

21  Summary Judgment at page 17.

22      In this case, Costco also acknowledges that Omega did not import the copyright

23  works into the United States.  This is an important distinguishing factor.  As Omega did

24  not import or authorize importation of the watches bearing the Omega Globe Design

25  that Costco obtained, Costco is liable for infringing importation under section 602.

26      Where a defendant engages "in conduct which contributed to

27  infringement...[the] case falls within the traditional rule that a 'copyright owner may

28  proceed against anyone in the chain of distribution for infringement.'"  *Metal*

*Morphosis, Inc. v. Acorn Media Publishing, Inc.*, 2009 U.S. Dist. LEXIS 18610 *6 (N.D. Ga. March 4, 2009)(citing 2 JOHN GLADSTONE MILLS III, DONALD C. REILLY III & ROBERT C. HIGHLEY, PATENT LAW FUNDAMENTALS § 6:119 (2nd Ed.). See *Stabilisierungsfonds Fur Wein v. Kaiswer Stuhl Wine Dist. Pty. Ltd.*, 647 F.2d 200, 207 (D.C. Cir. 1981). Everyone in the chain of distribution is liable. An important rationale for finding everyone in the chain of distribution being liable is to prevent defendants from laundering infringing works and evading prosecution. If all one has to do to avoid infringing importation is to merely employ (or claim to employ) a third party, then the law is easily circumvented.

In the alternative, even if Costco were not liable as a direct infringer, then Defendant is liable for contributory infringement of Plaintiff's copyright. Contributory infringement occurs by intentionally inducing or encouraging direct infringement. *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930, 125 S.Ct. 2764, 162 L.Ed.2d 781 (2005). Under U.S. copyright law (Section 501), it is irrelevant whether or not a party intends to commit infringement or knows that the act it is committing is an infringement of copyright. *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1113 (2d Cir. 1986). In this case, Defendant clearly obtained parallel imported goods for resale in the United States. Defendant knew it was obtaining parallel goods and knew they were imported without Plaintiff's authority. Defendant encouraged direct infringement by purchasing the goods which were obtained overseas and was intentionally inducing the importation of the goods by continuing to purchase goods which Defendant knew were obtained from overseas. If Defendant is not a direct infringer, it is a contributory infringer.

### 3. Omega Did Not Authorize Costco To Distribute, Sell, Or Import The Watches Bearing The Copyrighted Omega Globe Design In The United States.

Omega never expressly or impliedly authorized Costco to distribute, sell or import its copyrighted works. Costco concedes that it never obtained any express

authority from Omega to sell watches bearing the Omega Globe Design. Costco seeks to argue that Omega impliedly authorized Costco's actions.

Costco's implied authority argument hinges upon the holding in *Disenos Artisticos E Industriales, S.A. v. Costco Wholesale Corp.*, 97 F.3d 377 (9th Cir. 1995). However, *Disenos* is distinguishable from the facts at issue here.

In *Disenos*, the Spanish copyright owner licensed its copyrights to four related companies for manufacture and sale of the copyrighted figurines. *Id.* at 378. The copyright owner authorized its licensees to sell the copyrighted works "to all countries of the world, without the existence of any limitations or exclusions of territory." *Id.* Instead of availing themselves of their license, the four licensees instead contracted to sell all the works they manufactured to the copyright owner's parent company. The parent company, in turn, sold the copyrighted works to distributors and retailers all over the world with restrictions upon importation, including into the United States. *Id.*

The Ninth Circuit held that even though the parent company sold the works with restrictions upon importation into the United States, the controlling factor is the issue authorization by the copyright owner. *Id.* at 380. Reviewing the conduct of the copyright owner, the Court found that the copyright owner did not place any restrictions upon downstream sales of the works and in fact advised its licensees that they could sell the copyrighted works to "to all countries of the world." *Id.*

In contrast, Omega, the copyright owner in this action, explicitly placed restrictions upon importation of its watches and works beyond their intended destination. Based on the standard articulated by the Ninth Circuit in *Disenos*, Omega has not impliedly authorized importation of its works into the U.S.

### 4.     Omega's Enforcement Of Its Exclusive Rights Under Copyright Law Is Not Misuse Nor Contrary To Public Policy.

Costco has claimed that Omega's enforcement of its copyright violates public policy and is copyright misuse. However, intellectual property laws in general, and copyright law in particular, by its very nature, put limits on competition. *Sony Corp. of*

*America v. Universal City Studios, Inc.*, 464 U.S. 417, 429 (1984) (citing *United States v. Paramount Pictures, Inc.*, 334 U.S. 131, 158 (1948)); see also generally, *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147 (1st Cir. 1994).  In balancing the need to promote the useful arts, Congress contemplated a trade-off, allowing for a limited monopoly for a limited period of time in exchange for the art being placed in the public domain after such period of time as set by Congress. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 431-432 (1984).  As explained above, Sections 106(3) and 602(a) grant the copyright owner the exclusive rights to distribute copies to the public by sale and import its copyrighted works into the United States.

The affirmative defense of copyright misuse is an equitable defense which "prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly" conferred upon the copyright holder by the Copyright Office. *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1170 (1st Cir. 1994); *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1027 (9th Cir. 2001).  However, in this instance, Plaintiff is merely operating well within the boundaries of its legal rights. Plaintiff is guilty of nothing more than ardently policing its copyright.  The Copyright Act explicitly prohibits the importation of copyrighted goods into the United States without the copyright holder's permission, unless the goods are intended for the private use of the importer. 17 U.S.C. § 602.

Generally, those few cases recognizing the affirmative defense of copyright misuse involve unduly restrictive licensing schemes. *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1027 n. 8 (9th Cir. 2001); see, e.g., *Practice Management Info. Corp. v. American Med. Ass'n*, 121 F.3d 516, 521 (9th Cir. 1997), as amended 133 F.3d 1140 (9th Cir. 1998) (finding licensing agreement precluding use of competitor's products to be misuse), and cert. denied 522 U.S. 933 (1997); see also *Lasercomb Am., Inc. v. Reynolds*, 911 F.2d 970, 978-79 (4th Cir. 1990) (concluding that exclusive licensing clause inhibiting licensees from developing own products constituted misuse).  The unique facts found in situations involving such restrictive licensing agreements are

distinguishable from Plaintiff's activity in simply trying to stop infringement of its rights in the case at bar.  Plaintiff's licensing agreements do not prohibit Plaintiff's distributors from selling other watch manufacturers' products, nor do they restrict Plaintiff's licensees from developing their own products.  Plaintiff does not seek exclusivity with its licensees, nor does it attempt to undertake any form of anticompetitive conduct through its licensing agreements.  Plaintiff simply seeks to control the distribution of its copyrighted works, which is an exclusive right falling squarely within the parameters of the Copyright Act.  17 U.S.C. § 106; see also, e.g., *UMG Recordings, Inc. v. MP3.com, Inc.*, 92 F. Supp. 2d 349, 351 (S.D.N.Y. 2000).  Furthermore, Plaintiff has granted no licenses to defendant, let alone "impermissibly restrictive ones."  See *A & M Records, Inc. v. Napster, Inc.*, 114 F. Supp. 2d 896, 923 (N.D. Cal. 2000).

Plaintiff's actions are completely within the bounds of the Copyright Act and Plaintiff is in no way leveraging its limited monopoly in order to control areas outside its monopoly.

### 5.    The Omega Globe Design Is Copyrightable

Copyright protection is available for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device."  17 U.S.C. § 102(a).

Costco argues that the Omega Globe Design does not meet the low threshold for copyrightability.  To support its assertion, Costco cites *Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003).  A review of the facts and findings of *Satava* are clearly inapplicable to the Omega Globe Design.

Richard Satava is an artist who created and sold realistic glass-in-glass jellyfish sculptures.  *Id.* at 807.  The Ninth Circuit held that Satava's life-like jellyfish sculptures were not copyrightable because they replicated jellyfish as found in nature.  *Id.* at 811.  The court reasoned that to allow Satava a copyright for his works would deprive others

of the ability to create works featuring jellyfish physiology and their depiction in the glass-in-glass medium, a technique which is centuries old. *Id.* at 809, 811. Satava's works were based upon public domain elements (jellyfish as occurring in nature) and enclosed in clear glass and thus the compilation of elements was not sufficiently original to merit copyright protection, the court held. *Id.*

No one – not even Costco – would argue that, unlike Satava's jellyfish, the Omega Globe Design occurs in nature. The Globe Design is an original combination of stars and omega symbols around a globe engraved in metal. This is a unique compilation and arrangement of elements fixed in a tangible medium. There is no reason why the Omega Globe Design would not meet that requirements for copryrightabilty under 17 U.S.C. § 102(a), as already found by the Copyright Office.

Nor does the size of the Omega Globe Design preclude copyrightability as Costco impliedly suggests. There is no legal foundation for this implication, nor any relevant authority which Costco has mustered. An original work may be "perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device," to be subject to copyright protection. 17 U.S.C. § 102(a). To whit, even instructions encoded on silicon chips and readable only through a microscope are protected by copyright. *Atari Games Corp. v. Nintendo of Am., Inc.*, 975 F.2d 832, 838 (Fed. Cir. 1992) citing *Apple Computer v. Formula International*, 725 F.2d 521 (9th Cir. 1984).

The Omega Globe Design is entitled to copyright protection as an original work fixed in a tangible medium that may be perceived by the naked eye.

### 6.   **Conclusion**

Plaintiff is availing itself of the protections Congress has provided under the Copyright Act. The Copyright Act has specifically set out to protect from this type of activity under §§ 106 and 602. Plaintiff will show that Defendant Costco is liable for copyright infringement.

## III.

## EVIDENTIARY PROBLEMS

Plaintiff has filed two motions in limine to exclude: (1) evidence or reference to any of Defendant's profits from its sales of watches bearing the copyrighted Omega Globe Design and (2) evidence of any third party sellers of Omega Watches.

## IV.

## BIFURCATION OF ISSUES

In an effort to promote convenience, efficiency, and not unduly prejudice any party, courts have found in circumstances similar to those in the present matter that the separation of issues is advantageous. *General Patent Corp. Int'l v. Hayes Microcomputer Prods.*, 44 U.S.P.Q.2D (BNA) 1954; 1997 U.S. Dist. LEXIS 21342 (C.D. Cal. 1997). While the bifurcation of issues in *General Patent Corp.* resulted in separate trials, Plaintiff is not requesting separate trials in the current matter; but instead an organization of the issues so as to assist a judge or jury in comprehending the complex issues inherent in this copyright infringement matter.

The issues involved in the present copyright infringement matter are complex and can best be understood when properly organized. Therefore, Plaintiff respectfully raises the possibility of separation of the issues into two separate parts.

This copyright infringement matter may be bifurcated into two distinct issues of: 1) copyright infringement, under 17 U.S.C. §§ 106(3) and 602(a), including Defendant's affirmative defenses; and 2) damages, 17 U.S.C. §§ 500 *et seq.*

There are several reasons for splitting the issues into separate parts. The first reason for splitting the issues is that copyright infringement is difficult to understand and the content of the Act can be difficult to explain to judge and jury. Any method to simplify the issues with the jury should be considered. This bifurcation will also help to avoid inconsistent findings of fact with any verdicts. The damages portion of the trial should be separate to avoid any liability issues being confused with damage issues (i.e., an allegation of willfulness as a question to the jury will be confusing if included

1  in a determination of liability because this is only relevant to a determination for
2  damages.)

### V.

### JURY TRIAL

**A.    INTRODUCTION**

Plaintiff, Omega S.A. initiated this action against Defendant, Costco Wholesale Corporation on July 14, 2004. See [D.E. # 1.]  In its complaint, Plaintiff alleges Defendant engaged in copyright infringement in violation of 17 U.S.C. §§ 106 and 602. See Id. at 4-5.  Plaintiff also seeks statutory and actual damages pursuant to 17 U.S.C. § 504, treble damages pursuant to 15 U.S.C. § 1117, and attorney's fees pursuant to 17 U.S.C. § 505. *Id.* at 6-7.  In its complaint, Plaintiff further requested a trial by jury. *Id.* at 8.

In its Answer to Plaintiff's complaint, Defendant Costco asserted affirmative defenses, including, *inter alia*, that Plaintiff has failed to mitigate damages, that the action and/or damages are barred as contrary to public policy, innocent infringement, copyright misuse, and failure to state a claim as Costco is not the importer.

Federal Rule of Civil Procedure 38 states in pertinent part: "The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate."  Fed.R.Civ.P 38(a) (2009).  In accordance with Fed.R.Civ.P 38(b), Plaintiff in this action seeks to invoke its right to a jury trial for the issues of copyright infringement and damages.

**B.    COPYRIGHT INFRINGEMENT**

A party's right to a trial by jury on the issue of liability for copyright infringement is preserved by the Seventh Amendment. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998); *Broadcast Music, Inc. v. Blumonday*, Inc., 818 F.Supp. 1352, 1353 (D. Nev. 1993).  Furthermore, the Seventh Amendment guarantee should be construed broadly. *Id.*

**C.    DAMAGES**

1    It has been held that a "copyright action for damages is 'triable at law' and by a

2 jury as of right." *Carefree Trading, Inc. v. Life Corp.*, 83 F. Supp. 2d 1111, 1118 (D.

3 Ariz. 2000). Moreover, in accordance with the Supreme Court's ruling in *Feltner v.*

4 *Columbia Pictures Television, Inc.,* a party is entitled to a jury trial in the determination

5 of statutory copyright damages.

6 **D.    AFFIRMATIVE DEFENSES**

7    While the Seventh Amendment preserves the right to trial by jury of all legal

8 claims, no such right to a jury exists for equitable claims. *Danjaq LLC v. Sony Corp.*,

9 263 F.3d 942, 962 (9th Cir. 2001) (citing *Dollar Sys., Inc. v. Avcar Leasing Sys.*, Inc.,

10 890 F.2d 165, 170 (9th Cir. 1989)). Additionally, the Ninth Circuit held that "[a]

11 litigant is not entitled to have a jury resolve a disputed affirmative defense if the

12 defense is equitable in nature." *Granite States Ins. Co. v. Smart Modular Techs., Inc.*,

13 76 F.3d 1023, 1027 (9th Cir. 1996). While there is no right to a jury trial with regard to

14 the issue of affirmative defenses, no case law exists for the proposition that a court

15 abuses its discretion in granting a jury trial for the issue of affirmative defenses.

16 **E.    CONCLUSION**

17    Pursuant to case law, Plaintiff is entitled to a trial by jury for the issues of

18 copyright infringement and damages. The issue of Defendant's affirmative defenses is

19 within the discretion of the Court.

20                                         **VI.**

21                              **ATTORNEY'S FEES**

22    Plaintiff having brought this action for copyright infringement pursuant to 17

23 U.S.C. § 101 *et seq.*, submits this memorandum in support of its request to the Court for

24 an award of costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

25 **A.    STATUTORY AND CASE LAW AUTHORITY**

26    In any civil action under Title 17 of the United States Code, it is within the

27 court's discretion to include reasonable attorney's fees in an award of costs to the

28 prevailing party. 17 U.S.C. § 505. An award of attorney's fees to a prevailing party is

within a court's discretion if the award furthers the purposes of the Copyright Act and the factors used by the court are applied in an evenhanded manner. *See generally*, *Fantasy, Inc. v. Fogerty*, 510 U.S. 517 (1994).

The pivotal criterion in determining whether to award attorney's fees is faithfulness to the purposes of the Copyright Act. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). An award of attorney's fees to a prevailing plaintiff serves the purpose of the Copyright Act by encouraging private enforcement of copyright protected subject matter and deterring infringements. *See generally Jackson v. Sturkie*, 255 F. Supp. 2d 1096 (N. D. Cal. 2003).

The United States Court of Appeals for the Ninth Circuit has identified five non-exclusive factors that a court may consider in deciding whether to award attorney's fees pursuant to 17 U.S.C. § 505: the degree of success obtained on the merits by the prevailing party, the frivolousness of the action, the motivation of the parties, the objective unreasonableness of the factual and legal arguments in the case, and the need in particular circumstances to advance considerations of deterrence. *See Warner Bros. Entm't, Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1074 (C.D. Cal. 2004).

Notwithstanding consideration of the above factors, Plaintiff may be awarded attorney's fees under 17 U.S.C. § 505 simply by virtue of prevailing in the action, when the amount awarded is reasonable. *Hearst Corp. v. Or. Worsted Co.*, 2001 U.S. Dist. LEXIS 7752, at * 4, 5 (D. Or. 2001). Courts have also held that an award of reasonable fees and costs tends to be the rule rather than the exception. *Palmer v. Slaughter*, 2000 U.S. Dist. LEXIS 22118, at * 17 (D. Del. 2000); *see also, JBJ Fabrics, Inc. v. Mark Industries, Inc.*, 1987 U.S. Dist. LEXIS 13445, * 37 (C.D. Cal. 1987).

**B.   PLAINTIFF IS ENTITLED TO ITS REASONABLE ATTORNEY'S FEES**

In the present action, Plaintiff alleges copyright infringement pursuant to 17 U.S.C. §§ 501 (infringement of copyright), 602 (infringing importation) and 106(3) (infringing on Plaintiff's exclusive rights to distribute copies of the copyrighted work to

the public by sale or other transfer of ownership).  Since this action falls under Title 17, this Court in its discretion may grant Plaintiff an award of reasonable attorney's fees. 17 U.S.C. § 505.  Granting an award of attorney's fees in this case is appropriate within the parameters of this Court's discretion, as articulated by the U.S. Supreme Court in *Fantasy, Inc. v. Fogerty.*

## 1.   In Furtherance Of The Purposes Of The Copyright Act

Plaintiff Omega is the owner of the wholly original and copyright protected Omega Globe Design that is engraved on a number of styles of Omega watches. Swatch is the exclusive distributor of Omega watches in the United States, bearing the Omega Globe Design.  Plaintiff will prove at trial that Defendant Costco offered Plaintiff's copyrighted works for sale which were manufactured outside the United States and imported into the United States without the authorization of the copyright owner, in violation of Plaintiff's rights to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending under 17 U.S.C. §106(3).

Plaintiff will also show that Defendant Costco first sought authorized goods from Plaintiff for resale, but a commercial arrangement could not be achieved between the parties.  Thereafter, in disregard for Plaintiff's intellectual property rights, and in contradiction to Plaintiff's stated intention and desire for its authorized product not to be sold in Defendant's warehouse clubs, Defendant unlawfully distributed, and/or resold, Plaintiff's unauthorized goods, securing same from ENE, an unauthorized source in the U.S.  Defendant disregarded Plaintiff's distribution system and right of first sale in the U.S. of its copyrighted work.

An award of attorney's fees to Plaintiff in the present matter is in furtherance of the purposes of the Copyright Act. Plaintiff seeks to enforce its exclusive copyright in the Omega Globe Design, as engraved on OMEGA watches, and prevent further infringement of its copyright. Granting Plaintiff attorney's fees would be in accordance with *Jackson v. Sturkie,* 255 F. Supp. 2d 1096 (N.D. Cal. 2003), as the Plaintiff's

1  private enforcement of its copyright in the Omega Globe Design would be encouraged.

2  Furthermore, an award of attorney's fees would act as a deterrent from future

3  infringement.

4    **2.** **Evenhanded Application Of Factors**

5    The evenhanded treatment of prevailing parties, whether plaintiff or defendant,

6  as required by *Fogerty*, giving consideration to the five factors as stated in *Warner*

7  *Bros.,* allows for an award of attorney's fees to the Plaintiff in the present action.  At

8  trial, Plaintiff will show Defendant Costco has infringed upon the Plaintiff's copyright.

9  Furthermore, the evidence and testimony to be presented at trial, including the

10  purchases of unauthorized OMEGA SEAMASTER watches bearing Plaintiff's

11  copyright by investigators from two of Defendant Costco's stores, will clearly show

12  why the Plaintiff's infringement claim is not frivolous.  Further, evidence will also

13  show that Defendant Costco obtained over 300 watches bearing the Omega Globe

14  Design over the course of this litigation.  The totality of Plaintiff's showing at trial will

15  further show the objective reasonableness of Plaintiff's claim.  Additionally, the need to

16  advance considerations of deterrence of the Defendant's conduct also weighs in favor of

17  granting attorney's fees to Plaintiff.

18  **C.** **CONCLUSION**

19    Based on the foregoing supportive legal principles, Plaintiff Omega, S.A.

20  requests this Court award costs including interest and reasonable attorney's fees

21  pursuant to 17 U.S.C. § 505.

22               **VII.**

23       **ABANDONMENT OF ISSUES**

24    Upon agreement of the parties, Defendant Costco has abandoned its Fifth

25  Affirmative Defense in its Amended Answer that Defendant Costco is a good faith

26  purchaser for value and its Sixth Affirmative Defense in its Amended Answer of

27  Waiver and/or Estoppel.  If the Supreme Court denies Costco's writ of certiorari,

28  Costco will withdraw its Second Affirmative Defense in its Amended Answer for

1     failure to state a claim upon which relief can be granted.  If the Supreme Court denies

2     Costco's writ of certiorari, Costco will also withdraw its Fourth Affirmative Defense in

3     its Amended Answer that the action is barred by the First Sale Doctrine, either at

4     common law, or as codified at 17 U.S.C. § 109, or both.  Omega abandons its assertion

5     that the disposition of the 74 watches sold following the District Court's entry of

6     Summary Judgment for Costco and vacation of the preliminary injunction in 2007

7     constituted willful infringement.  Omega does not abandon any right to use the 74

8     watches as evidence at trial for any other purpose, such as proving the volume or origin

9     of goods.

11     DATED: September 8, 2009     COLLEN IP

12                                   THEODORA, ORINGHER, MILLER & RICHMAN, P.C.

14                                    By: _____

15                                        David S. Richman

16                                        Patricia S. Riordan

                                       **Attorneys for Plaintiff Omega S.A.**