# United States District Court
# Eastern District of California

| | |
|---|---|
| OMEGA S.A.,<br><br>             Plaintiff,<br><br>      v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>             Defendant. | CV 04-05443 TJH<br><br>Order<br>and<br>Judgment<br><br>[JS-6] |

   The Court has considered plaintiff's motion for partial summary judgment, and defendant's motion for summary judgment, together with the moving and the opposing papers.

   Omega S.A. ("Omega"), a Swiss manufacturer of watches, distributes its watches through authorized distributors throughout the world, including the United States. Costco Wholesale Corporation ("Costco") had sold Omega watches in its stores even though it was not an authorized Omega importer or retailer. When Costco sold the Omega "Seamaster," the Costco price was $1,299.99 while the Omega's suggested retail price was $1,995.00.

After Omega authorized dealers in the United States complained to Omega about Costco's sale of Omega watches at discounted prices, Omega's legal department suggested that Omega use a copyrighted design to control the importation and distribution of its watches into the United States. Thereafter, on March 12, 2003, Omega obtained registration VAu 574-660 for its United States copyright of the "Omega Globe Design." Beginning in September, 2003, Omega started engraving the Omega Globe Design on the reverse side of the Seamaster, its best-selling watch at the time, at its Swiss factory. Each engraving was approximately 3 millimeters – about 1/8 of an inch – in size. Omega did not publicize, to the general public or its authorized distributors, the introduction of the new design on the backs of its Seamaster watches. Thereafter, Costco purchased, through a third party, Seamaster watches with the Omega Globe Design from distributors outside of the United States with the intent to sell them at Costco stores within the United States.

In 2004, Omega filed this action against Costco for violating § 602 of the Copyright Act, 17 U.S.C. § 602, which prohibits the importation of a copyrighted work without the copyright holder's permission. Thereafter, Omega advised its authorized distributors – through an Omega newsletter – that the purpose of this lawsuit was to "stem the tide of the grey market" and the "unauthorized importation of Omega watches into the U.S."

Section 602 of the Copyright Act makes the importation of copyrighted goods into the United States without the authority of the owner of the copyright a violation of the copyright holder's exclusive right to distribute. 17 U.S.C § 602. Omega concedes that it decided to affix a new copyrighted design to the reverse side of its watches to take advantage of the copyright law's importation limitations. In other words, Omega used the defensive shield of copyright law as an offensive sword.

The Ninth Circuit adopted the Fourth Circuit's definition of copyright misuse. *Practice Management Information Corp. v. American Medical Ass'n.*, 121 F.3d 516, 520 (9th Cir. 1997). The Fourth Circuit held that copyright misuse occurs when a "copyright is being used in a manner violative of the public policy embodied in the grant of copyright." *Lasercomb Am., Inc. v. Reynolds,* 911 F.2d 970, 978 (4th Cir. 1990). The Ninth Circuit later clarified that "the misuse defense prevents copyright holders from leveraging their limited monopoly to allow them to control areas outside of their monopoly." *A&M Records, Inc., v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001).

Here, Omega concedes that a purpose of the copyrighted Omega Globe Design was to control the importation and sale of its watches containing the design, as the watches could not be copyrighted. Accordingly, Omega misused its copyright of the Omega Globe Design by leveraging its limited monopoly in being able to control the importation of that design to control the importation of its Seamaster watches.

Cases that have found copyright misuse have been limited to situations involving antitrust tying agreements and restrictive licensing agreements. However, this is not to say that copyright misuse could not exist in other situations. Indeed, the courts in *Lasercomb*, *Practice Management*, and *A&M Records* all deliberately chose a broad rule for copyright misuse so that the rule could be applied to new situations as they arose. If the contrary were true, then those courts would have made a tying agreement or a restrictive licensing agreement a necessary element of copyright misuse. Finally, "[c]opyright misuse is an equitable defense to copyright infringement, the contours of which are still being defined." *MDY Industries, LLC, v. Blizzard Entertainment, Inc.*, 629 F.3d 928, 941 (9th Cir. 2010).

. . . . . . . . .

Omega argues that the Omega Globe Design had multiple purposes. While

---
Omega concedes that one purpose was to control the importation of watches, it argues that another purpose was to promote the creativity and aesthetics of the Omega Globe Design, itself, and to increase the value that the design gives to a watch. While the Omega Globe Design might have its own independent creative and aesthetic values, those aspects of the design are protected by its copyright and are not a defense to copyright misuse.

It is Ordered that plaintiff's motion for partial summary judgment be, and hereby is, Denied.

It is further Ordered that defendant's motion for summary judgment be, and hereby is, Granted.

It is further Ordered, Adjudged and Decreed that judgment be, and hereby is, Entered in favor of Defendant and against Plaintiff.

Date:   November 9, 2011

_____
Terry J. Hatter, Jr.
Senior United States District Judge

cc: Fiscal