# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| OMEGA S.A., *et al.*,<br>Plaintiffs,<br>v.<br>COSTCO WHOLESALE CORPORATION,<br>Defendant. | CV 04-05443 TJH (RCx)<br><br>Order<br>[416] |

The Court has considered Defendant's renewed motion for attorney's fees, together with the moving and opposing papers.

The Court may award reasonable attorneys' fees to the prevailing party in a copyright infringement action. 17 U.S.C. § 505. There are five non-exclusive factors to consider in determining whether to award fees in copyright cases: (1) The degree of success obtained by the prevailing party; (2) The frivolousness of the claim; (3) The plaintiff's motivation in bringing a claim; (4) The objective reasonableness of the losing party's legal and factual arguments; and (5) The need to advance considerations of compensation and deterrence. *Jackson v. Axton*, 25

F.3d 884, 890 (9th Cir. 1994). These factors should be relied upon only to the extent that doing so is faithful to the purposes of the Copyright Act. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996)

First, Costco achieved a high degree of success by defeating Omega's infringement claim. Second, Omega's infringement suit was improperly motivated – the reason this Court ruled that Omega misused its copyright. Third, awarding Costco attorneys' fees would encourage future defendants to resist improperly-motivated infringement actions, and would deter the filing of such actions. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 527, 114 S. Ct. 1023, 1030, 127 L. Ed. 2d 455, 465 (1994). Fourth, even though Costco does not assert this, Omega's infringement action was arguably unreasonable and frivolous. While one segment of Omega's claim raised issues sufficiently ambiguous to split the Supreme Court, the claim as a whole was clearly not one properly raised under copyright law. As the Supreme Court has explained, "copyright law ultimately serves the purpose of enriching the general public through access to creative works … ." *Fogerty* 510 U.S. at 527, 114 S. Ct. at 1030, 127 L. Ed. 2d at 465. By affixing a barely perceptible copyrighted design to the back of some of its watches, Omega did not provide – and did not seek to provide – creative works to the general public. Omega sought to exert control over its watches, control which it believed it could not otherwise exert. Thus, even though the defense of copyright misuse may not have been articulated in a way that explicitly and directly prohibited Omega's particular actions, it should have been clear to Omega that its actions were not condoned or protected by copyright law.

Based on Costco's first motion for attorneys' fees filed before the case was appealed to the Ninth Circuit, this Court awarded $373,003.80. Now, Costco seeks $316,095.80 of the previously awarded $373,003.80, as it has subtracted $56,908.00

for fees related to its first motion for summary judgement (which was granted by this Court, but rejected by the Ninth Circuit), plus an additional $301,463.10 in fees for work performed since the case was remanded back to this Court. Of the $301,463.10 Costco requests in fees related to work since remand, the Court awards $80,748.37 as reasonable attorneys' fees. This reduction – the result of reductions in billed hours and billing rates – is necessary to ensure the reasonableness of the fee award.

In total, the Court will award Costco reasonable attorneys' fees of $396,844.17. The below charts detail the reasonable hours and rates upon which this award is based.

## A. First round of litigation at district court level (2004 - 2007)

**TABLE A1: HOURS WORKED**

| Tasks | Billed Hrs | Awarded Hrs |
|---|---|---|
| Legal Research | 213.7 | 100 |
| Factual Research | 27.3 | 27.3 |
| Case Strategy | 21.8 | 21.8 |
| Opposing preliminary injunction | 15.6 | 15.6 |
| Responding to the complaint and first-amended complaint | 55 | 20 |
| Opposition to Omega's motion to strike | 51.3 | 30 |
| Rule 26(a) and 26(f) tasks | 5.9 | 5.9 |
| Responding to written discovery | 64.4 | 64.4 |
| Propounding written discovery | 97.6 | 97.6 |
| Depositions | 193.8 | 193.8 |

| | | |
|---|---|---|
| Document production | 56.2 | 56.2 |
| Reviewing documents produced by plaintiffs and third parties | 65.5 | 65.5 |
| Third party subpoenas | 83.1 | 20 |
| Motions to compel | 442.2 | 442.2 |
| Settlement | 17.8 | 17.8 |
| Dismissal of swatch | 5.4 | 5.4 |
| Opposition to Omega's motion for summary judgment | 182.6 | 100 |
| Costco's motion for summary judgment | 174 | 100 |
| Pretrial conference tasks | 54.1 | 20 |
| Preparing pretrial documents | 231.8 | 25 |
| Jury instructions and special verdict form | 54.9 | 20 |
| Motions *in limine* | 53.8 | 35 |
| Trial preparation | 297.6 | 100 |
| Post-judgment tasks | 92 | 20 |
| Total | 2557.4 | **1603.5** |

**TABLE A2: HOURLY RATES**

| Attorney Name | Billed Rates | Awarded Rates |
|---|---|---|
| Levine | \$495.00 – 510.00 | \$400.00 |
| Moss | \$325.00 – 410.00 | \$295.00 |
| Banks | \$235.00 – 295.00 | \$225.00 |
| McNamee (paralegal) | \$175.00 – 180.00 | \$100.00 |
| Clevenger (paralegal) | \$160.00 – 170.00 | \$100.0 |

## B. Second round of litigation at District Court level (2007 - 2012)

**TABLE B1: HOURS WORKED**

| Tasks | Billed Hrs | Awarded Hrs |
|---|---|---|
| Legal Research | 3.8 | 3.8 |
| Factual Research | 1.1 | 1.1 |
| Opposition to motion to strike | 10.4 | 10.4 |
| Responding to written discovery | 4.6 | 4.6 |
| Propounding written discovery | 4.6 | 4.6 |
| Settlement | 17.8 | 17.8 |
| Preparing pretrial documents | 23.8 | 23.8 |
| Jury instructions and verdict form | 54.9 | 54.9 |
| Motions *in limine* | 11.8 | 11.8 |
| Trial preparation | 44.4 | 44.4 |
| District court proceedings after remand | 7.4 | 7.4 |
| Opposing Renewed Motion for Summary Judgment | 43 | 21.5 |
| Filing and Opposing Cross-Motions for Summary Judgment / Partial Summary Judgment re: Copyright Misuse | 222.1 | 100 |
| Motion for Attorney's Fees | 244.6 | 20 |
| Total | 694.3 | 356.1 |

• • • • • • •

• • • • • • •

• • • • • • •

• • • • • • •

• • • • • • •

**TABLE B2: HOURLY RATES**

| Attorney Name | Billed Rates | Awarded Rates |
|---|---|---|
| Levine | $510.00 – 650.00 | $440.00 |
| Moss | $410.00 – 480.00 | $324.00 |
| Banks | $295.00 – 400.00 | $247.00 |
| Molen | $325.00 | $225.00 |
| McNamee (paralegal) | $180.00 – 195.00 | $100.00 |

It is Ordered that the motion be, and hereby is, Granted in the amount of $396,844.17.

Date: June 20, 2012

Terry J. Hatter, Jr.
Senior United States District Judge

CC:FISCAL